**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANDREW T. HINCKLEY, | No. 08-35297 |
| Plaintiff - Appellant, | D.C. No. 2:06-CV-03067-JPH |
| v. | |
| YAKIMA COUNTY, | MEMORANDUM[*] |
| Defendant - Appellee, | |
| and | |
| THURSTON COUNTY; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Eastern District of Washington
James P. Hutton, Magistrate Judge, Presiding[**]

Submitted November 17, 2009[***]

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The parties consented to the jurisdiction of the Magistrate Judge. *See* 28 U.S.C. § 636(c).

[***]  The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:    ALARCÓN, TROTT, and TASHIMA, Circuit Judges.

Andrew T. Hinckley, a former inmate at the Yakima County Jail, appeals from the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that Yakima County violated his constitutional rights by failing to protect him from an attack by other inmates. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Gibson v. County of Washoe*, 290 F.3d 1175, 1180 (9th Cir. 2002), and we affirm.

The district court properly granted summary judgment because Hinckley failed to raise a triable issue as to whether the County employees' housing decision was a direct result of a County policy, or whether the County had a custom or policy that amounted to deliberate indifference and was the moving force behind the employees' housing decision. *See id.* at 1188, 1193-94 (discussing two ways to establish municipal liability); *see also Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995) ("Proof of random acts or isolated events is insufficient to establish custom.").

**AFFIRMED.**